White, J.
At law a joint demand cannot be set off'against one that is separate, and this is the general rule in equity as well as at law. Addes v. Knight, 2 Merivale's Rep. 122.
The defendants below could not set off the joint liability of Ellis & Sturges against a separate demand of Sturges upon them. Prima facie this is the character of the respective claims in this case. The defendants below sought to prove, aliunde the writing, and such appears to be the fact, that the obligation, though in the name of Sturges alone,- is in fact for the benefit of Ellis & Sturges, and that it is not the case of a separate demand on the one side and a joint one on the other, but that the debts are in fact reciprocal, and thus, if no other objection exists, the proper subjects of set-off.
The fact that the firm of Ellis & Sturges were insolvent, is undisputed; and, discarding the question whether there had been an actual assignment of the assets to Sturges, it is clear that Ellis had put the assets in the sole possession and control of Sturges, who undertook to and was engaged in adjusting and liquidating the indebtedness of the firm.
Under these circumstances the defendants below received the note of Pickett, McMurdo & Co., expressly stipulating, that, when the same should be collected, they were to credit Ellis & Sturges with five hundred dollars, and fay over the balance to Stwrges in cash.
Sturges, in the voluntary appropriation of the assets to the payment of the firm creditors, had the right to apportion them among the creditors fro rata, or even to prefer one to another, if he saw fit to do so.
In the light of this principle and of the admitted facts, the writing sued on was, in effect, an agreement between Sturges and the defendants that he, on his part, in the exercise of this right, would deliver to the defendants the note described, giving them the right to apply five hundred dollars thereof, when collected, to the payment of their claim against the insolvent firm, and that they, on their part, would pay the balance to him in cash, and thus enable him to use it in settling with other creditors.
But for their argreement to return the excess over five hun *362 drecl dollars, the defendants, it is to be -presumed, would not- ■ Have obtained the note; and it would be a fraud upon the other creditors of the firm, and virtually so upon Sturges who has the right to see that the assets of the firm are apportioned equitably among the creditors, if the agreement should not now be enforced. To allow the set-off, would be to make the defendants preferred creditors of the insolvent firm, without the consent of Sturges, and in violation of their express agreement, by which they acquired the right to the 'five hundred dollars. Henniss v. Page, 3 Wharton, 275; Hill v. Smith, 12 Mees. & Welsb. 617.
We are unanimous in the opinion that, under the circumstances of the case, the court was right in ruling that, in the absence of any other agreement altering the rights of the parties, the defendants were estopped by the terms of the writing from applying the balance received by them on the note over the five hundred dollars, to the indebtedness remaining due from Ellis & Sturges.
2. In regard to the third instruction asked, and set forth in the statement, it is sufficient to say, the promises of Sturges, therein referred to, are not supposed to involve any ele-' ment of bad faith, and they are expressly characterized in the instruction as not amowitmg to an agreement. If they neither involve bad faith nor amount to an agreement, it is not perceived how they can qualify, or -vary the agreement actually entered into by the parties, or affect their rights arising from it. Indeed, the instruction might have been refused on account of its ambiguity. It seems to be self-contradictory, the first part of it assuming a state of fact which would constitute an agreement between the parties, and the latter part of it assuming that the same- state of fact would not amount to an agreement.

Leme refused.

Beinkeehorr, C.J., and Scott, Welch, and Day, JJ., concurred.